# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| JOSEPH G. KINNING, on behalf of himself and all others similarly situated, | : : : : : | Case No.: |
| Plaintiff, | : : | **COMPLAINT** and |
| vs. | : : : | **JURY DEMAND** |
| SRA ASSOCIATES, LLC, and JOHN DOES, | : : : : | **(Class Action)** |
| Defendants. | : : | |

## I. INTRODUCTION

1. This is a consumer credit class action brought pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (hereinafter "FDCPA" or "Act") and the Nebraska Consumer Protection Act ("NCPA") Neb.Rev.Stat. § 59-1601 *et seq*. Plaintiff Joseph G. Kinning, on behalf of himself and all others similarly situated, seeks a declaratory judgment, injunctive relief, actual and statutory damages against the defendant debt collectors – SRA Associates, LLC and JOHN DOES. Plaintiff's claims arise from Defendants' routine practices of sending confusing and misleading letters about when posted dated checks will be cashed, and failing to provide proper notice of deposit of postdated checks or instruments pursuant to 15 U.S.C. § 1692f(2). Defendant's actions violate 15 U.S.C. § 1692e,

1

15 U.S.C. § 1692e(5), 15 U.S.C. § 1692f(2), and 15 U.S.C. § 1692f(4). Plaintiff also alleges that the challenged practice violates the NCPA. Neb.Rev.Stat. § 59-1601 *et seq*.

## II. JURISDICTION

2. Subject matter jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. §§ 1331 and 1337. Jurisdiction over the supplemental state law claim arises under 28 U.S.C. § 1367.

3. This Court has personal jurisdiction over Defendants with respect to this action, and venue is proper as Defendants regularly do business in this District. Plaintiff is a resident of this District and the alleged violations occurred here. See 28 U.S.C. § 1391.

## III. PARTIES

4. Plaintiff Joseph G. Kinning ("Mr. Kinning" or "Plaintiff") is an adult individual residing in Norfolk, Madison County, Nebraska. At all times material hereto, Mr. Kinning and each member of the class he seeks to represent are "consumers" as that term is contemplated in § 1692a of the Act.

5. Defendant SRA Associates, LLC ("SRA") is a collection agency engaged in the business of collecting debts due or alleged to be due to others across the state of Nebraska, with its principal place of business in Hi-Nella, New Jersey, and is a "debt collector" as that term is contemplated in § 1692a(6) of the Act.

6. Defendant JOHN DOES are supervisors and employees with SRA and engaged in the business of collecting debts due or alleged to be due to others across the state of Nebraska, with their principal place of business in Hi-Nella, New Jersey, and are "debt collectors" as that term is contemplated in § 1692a(6) of the Act.

### IV. FACTUAL ALLEGATIONS

7. A representative of SRA contacted Mr. Kinning by telephone on multiple occasions for the purpose of collecting an account allegedly gone into default.

8. Mr. Kinning felt pressured by the SRA debt collector and agreed to make postdated monthly payments on the alleged account in the amount of $75.00 per month.

9. Defendants considered these to be postdated checks and electronically withdrew them from Mr. Kinning's bank account.

10. During a period starting in July of 2018 SRA made monthly postdated withdrawals from Mr. Kinning's bank account, with many of those monthly withdrawals for $100.00. (Identified as check Nos. 9006, 9007, 9008, 9009, 9010, 9011 and 9012.)

11. SRA sent letters regarding postdated check Nos. 9006, 9007, 9008, 9009, 9010, 9011 and 9012. Those letters are attached as Exhibits A, B, C, D, E, F

& G to this complaint.

12. JOHN DOES are supervisors and/or employees of SRA who created, approved, and directed the use of letters in the form of <u>Exhibits A, B, C, D, E, F & G</u>.

13. Defendants' letters are standard form documents (<u>Exhibits A, B, C, D, E, F & G</u>) and are identical but for the date and check number referenced. Each letter includes the following language:

> DEAR JOSEPH KINNING:
>
> As you are aware, you have decided to furnish us a/several post-dated check(s). Please be advised that there is no requirement to send us a post-dated check(s). Since the check(s) you either setup with or sent our company was\ were post-dated fore than 5 days, we are sending this notice to deposit the following check:
>
> <u>Check # XXXX</u>   <u>Dated</u>: X/XX/XXXX   <u>Check amount</u> $100.00
>
> <u>The check will be deposited no earlier than 3 business days from the date of this letter. The check will be deposited no later than 10 business days from the date of this letter.</u>
>
> This is a reminder that if the check is returned for any reason, including but not limited to insufficient funds or account closed, such will be deemed a default of your payment agreement.
>
> Feel free to contact us if you have any questions.
>
> This is a communication from a debt collector attempting to collect a debt. Any information obtained will be used for that purpose.
>
> Sincerely,

SRA Associates, LLC

(Emphasis Added)

    14.    15 U.S.C. § 1692f of the FDCPA reads in part:

> A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> …
>
> (2) The acceptance by a debt collector from any person of a check or other payment instrument postdated by more than five days <u>unless such person is notified in writing of the debt collector's intent to deposit such check or instrument not more than ten nor less than three business days prior to such deposit.</u>
>
> …
>
> (4) Depositing or threatening to deposit any postdated check or other postdated payment instrument prior to the date on such check or instrument.

(Emphasis Added)

    15.    Mr. Kinning did not receive timely notice of deposit as the monthly letters found in <u>Exhibits A, B, C, D, E, F & G</u> were not received until after the monthly electronic withdrawals were made by SRA.

    16.    Defendants' letters <u>Exhibits A, B, C, D, E, F & G</u> failed to include the "<u>prior to such deposit</u>" language, and instead states, "<u>from the date of the letter</u>."

    17.    Letters in the form of <u>Exhibits A, B, C, D, E, F & G</u> confuse and mislead unsophisticated consumers because the consumer is unable to know until after the withdrawal is taken and otherwise make certain funds are available.

18. Mr. Kinning was confused by Exhibits A, B, C, D, E, F & G, and Defendants' misleading letters constitute material violations of the FDCPA and establishes Plaintiff's standing to bring this case. *Tourgeman v. Collins Fin. Servs., Inc.*, 755 F.3d 1109 (9th Cir. 2014).

19. Mr. Kinning's alleged Debt was incurred primarily for personal, family, or household purposes, *i.e.* – default on purchase of an automobile for his personal use. (Hereinafter "the Debt")

20. Defendants' letters create a sufficient risk of harm as contemplated by the FDCPA, and constitute a concrete injury in-fact as articulated in *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1549 (2016). Mr. Kinning was actually harmed. *Church v. Accretive Health, Inc.*, 654 F. App'x. 990 (11th Cir. 2016).

21. This Court has jurisdiction and authority to award relief in the form of money damages to the Plaintiff pursuant to 15 U.S.C. § 1692k.

## V. DEFENDANT'S ROUTINE PRACTICES

22. It is and was Defendants' routine practice to send letters in the form of Exhibits A, B, C, D, E, F & G to Nebraska residents.

23. It is the Defendants' routine practice to send Nebraska residents letters upon demanding postdated payments with misleading and confusing language that: "The check will be deposited no earlier than 3 business days from the date of this letter. The check will be deposited no later than 10 business days

from the date of this letter."

24. It is and was Defendants' routine practice to send letters in the form of Exhibits A, B, C, D, E, F & G which threatened to take action that cannot legally be taken.

## VI. CLASS ALLEGATIONS

**FDCPA CLASS**

25. This action is brought as a class action on behalf of a class defined as: (i) all persons with addresses in Nebraska (ii) to whom Defendants sent, or caused to be sent, a letter in the form of Exhibit A, B, C, D, E, F and/or G (iii) in an attempt to collect an alleged obligation after postdated payment is arranged (iv) which, as shown by the nature of the alleged obligation, Defendants' records, or the records of the original creditors, was primarily for personal, family, or household purposes (v) during the one-year period prior to the date this action is filed.

**NCPA CLASS**

26. This action is brought as a class action on behalf of a class defined as: (i) all persons with addresses in Nebraska (ii) to whom Defendants sent, or caused to be sent, a letter in the form of Exhibit A, B, C, D, E, F and/or G (iii) in an attempt to collect an alleged obligation after postdated payment is arranged (iv) which, as shown by the nature of the alleged obligation, Defendants' records, or

7

the records of the original creditors, was primarily for personal, family, or household purposes (v) during the four-year period prior to the date this action is filed.

27. Defendants' use of letters in the form of <u>Exhibits A, B, C, D, E, F & G</u> is so numerous that joinder of all class members is impractical.

28. There are questions of law and fact common to the class which predominate over any issues involving only individual class members. The principal question is whether Defendants' letter in the form of <u>Exhibits A, B, C, D, E, F & G</u> violate 15 U.S.C. § 1692e, § 1692e(5), § 1692f(2), § 1692f(4), and the NCPA.

29. Plaintiff's claims are typical of the class members. All are based on the same facts and legal theories.

30. Plaintiff will fairly and adequately represent the interests of the class members.

31. Plaintiff has retained counsel experienced in handling class actions and debt collection abuse cases.

32. A class action is superior to other available methods for the fair and efficient adjudication of the controversy. Individual cases are not economically feasible.

33. Certification of the Class under Rule 23(b)(3) of the Federal Rules of

Civil Procedure is appropriate in that:

>  (a)  The questions of law or fact common to the members of the Class predominate over any questions affecting only individual members; and
>
>  (b)  A class action is superior to other available methods for the fair and efficient adjudication of the controversy.

34. Certification of a class pursuant to Rule 23(b)(2) of the Federal Rules of Civil Procedure is also appropriate. Defendants have acted in a uniform manner toward the class thereby making injunctive and declaratory relief appropriate pursuant to the NCPA.

35. Plaintiff requests the Court to certify a hybrid class combining the elements of Rule 23(b)(3) for monetary damages and Rule 23(b)(2) for equitable relief.

## VII.  COUNT I -- FAIR DEBT COLLECTION PRACTICES ACT

36. Plaintiff repeats and incorporates by reference the foregoing paragraphs into this – Count 1.

37. Defendants' letter in the form of Exhibits A, B, C, D, E, F & G violates 15 U.S.C. § 1692e, § 1692e(5), § 1692f(2) and § 1692f(4).

**WHEREFORE**, Plaintiff requests class certification as defined above and entry of judgment in favor of the Plaintiff and class members against the Defendants for:

(a) Actual and statutory damages as provided by 15 U.S.C. § 1692k(a)(2)(B);

(b) Awarding Plaintiff and the class their costs and reasonable attorneys' fees;

(c) Declaring the challenged practices herein to be unlawful under the Act; and

(d) Granting such other and further relief as may be deemed just and proper.

## VIII. COUNT II – NEBRASKA CONSUMER PROTECTION ACT

38. Plaintiff incorporates by reference the allegations contained above as if the same were here set forth at length.

39. Defendants are "persons" engaged in "Trade or Commerce" as those terms are contemplated in the Consumer Protection Act, Neb.Rev.Stat. § 59-1601.

40. Defendants' misleading and confusing letters constitute unfair or deceptive acts or practices, in violation of Neb.Rev.Stat. § 59-1602. The collection of any amounts as a result of said acts also constitute unfair or deceptive acts or practices, in violation of Neb.Rev.Stat. § 59-1602.

41. Defendants consist of a public entity and its employees / representatives who are involved in the mailing of standard letters in the form of Exhibits A, B, C, D, E, F & G to residents of Nebraska as a routine part of the debt

collection business.

42. The letters Exhibits A, B, C, D, E, F & G are form letters sent to consumers via mail across the state of Nebraska and elsewhere, and are not simply an isolated transaction between private individuals, such that bringing this claim is in the public interest.

43. It is in the public interest to stop debt collectors from using deceptive means in attempting to collect debts, to decrease the risk and putting them in positions where they are unable to make fair decisions on how to respond to communications from debt collectors. See *Tourgeman*, 755 F.3d at 1121.

44. Filing this case is in the public interest because the FDCPA and NCPA are remedial statutes aimed at curbing what Congress considered to be an industry-wide pattern of and propensity towards abusing consumers.

45. These violations cause financial injury to the Plaintiff and the Class and bringing this claim is in the public interest.

WHEREFORE, Plaintiff requests that judgment be entered in his favor and in favor of the class against Defendants for:

    A. Actual and statutory damages, see Neb.Rev.Stat. §59-1609;

    B. Injunctive relief pursuant to the NCPA;

    C. Declaratory relief that Defendant's practices violate the NCPA;

    D. Costs and reasonable attorneys' fees - Neb.Rev.Stat. §59-1609;

E. Such other and further relief as the Court deems just and equitable.

## IX. **JURY DEMAND**

Plaintiff Joseph G. Kinning demands a trial by jury of all claims so triable in Omaha, NE.

Dated: July 3, 2019

        Joseph G. Kinning, on behalf of himself and all others similarly situated, Plaintiff,

        By: */s/ William L. Reinbrecht*
        William L. Reinbrecht, #20138
        Pamela A. Car #18770
        Car & Reinbrecht, P.C., LLO
        2120 South 72nd St., Suite 1125
        Omaha, NE 68124
        1 (402) 391-8484
        E-mail: billr205@gmail.com

        and

        O. Randolph Bragg
        Horwitz, Horwitz& Associates
        25 East Washington Street, Suite 900
        Chicago, Illinois 60602
        (312) 372-8822
        (312) 372-1673 (facsimile)
        rand@horwitzlaw.com
        ATTORNEYS FOR PLAINTIFF
        AND THE PUTATIVE CLASS